UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL POPE JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARREN COOK; REGINALD RAMBO; )<br>CARL SANDERS; and DOES I-X, )<br>)<br>Defendants. ) | Case No. |

## Complaint

### Introduction

1. Two guards at Limestone Correctional served up Michael Pope Jr. to a trio of other inmates who stabbed him. Those guards then locked a bleeding Pope in his cell for three days. Finally, he made it to a nurse, who noted twenty puncture wounds. Pope survived and was quickly transferred to Donaldson Correctional. There, he found a lawyer and sued the two guards. That case is *Pope v. Dozier et al.*, No. 2:20-cv-01399-RDP.

2. Things got worse at Donaldson. Pope was attacked and stabbed by other inmates in September and again in November. Correctional Officer Reginald Rambo was there both times, giving Pope's attackers access to him that they should not have had. Finally, in March, Rambo and another officer flooded Pope's cell with mace, almost choking him to death.

3. Enough is enough. Pope now sues to keep Rambo from getting him killed and to seek an award of damages for what he's endured.

### Jurisdiction & Venue

4. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Pope's claims arise under federal law.

5. Venue is proper in this judicial district because the events giving rise to the claims all took place within this judicial district.

## Parties

6. Plaintiff Michael Pope Jr. is a natural person incarcerated by the Alabama Department of Corrections at the Donaldson Correctional Facility in Bessemer, Alabama.

7. Defendant Warren Cook is a correctional officer at Donaldson Correctional Facility.

8. Defendant Reginald Rambo is a correctional officer at Donaldson Correctional Facility.

9. Defendant Carl Sanders is a lieutenant at Donaldson Correctional Facility.

## Allegations

*The Limestone Stabbings*

10. In July 2020, Limestone Correctional Facility officers Shamarion Dozier and Merrill Shoulders allowed several other inmates to stab Michael Pope.

11. Dozier and Shoulders then locked Pope in his cell for three days before allowing him to seek medical attention.

12. The nurse who evaluated him three days after the attack noted twenty puncture wounds.

13. Pope survived and was transferred to Donaldson Correctional Facility.

*The First Attack at Donaldson – September 16, 2020*

14. On September 16, 2020, Rambo and Cook were distributing food in Pope's housing unit.

15. The cells in that unit are single-occupant.

16. The doors are solid, with a plexiglass window and a tray slot that could be opened or closed.

17. When he got to Pope's cell, Rambo told Pope that his tray slot was stuck and Rambo could not open it.

18. Rambo told Pope to exit his cell to get his food.

19. Rambo had another officer unlock Pope's door.

20. Rambo handed Pope a food tray.

21. In that same instant, inmate Demarkules Williams appeared behind Rambo and Cook, came around, and struck Pope with an improvised stabbing weapon, inflicting three superficial wounds.

22. Williams also punched Pope in the face.

23. Williams then retreated to his own cell.

24. Three facts suggest that Rambo conspired with Williams to attack Pope.

25. First, Rambo is 6'7" and around 300 lbs. He is very strong. Had Rambo wanted to, he could have opened and closed Pope's meal tray slot. Instead, he lied about it to get Pope out of his cell where he would be vulnerable to attack.

26. Second, Williams should not have been out of his cell. A correctional officer had to have let him out.

27. Third, Williams attacked the instant Pope was let out of his cell. This leads to the inference that Williams was ready and that he was ready because the Rambo helped him manufacture the opportunity.

*The Second Attack at Donaldson – November 24, 2020*

28. Pope was attacked again and again, Rambo was involved.

29. For exercise, the inmates in Pope's housing unit would be taken, a handful at a time, on group walks on a yard.

30. The correctional officers usually take each tier out as a group.

31. When removing inmates from their cells for walk, the officers are supposed to follow a specific, safety procedure.

32. The officers handcuff, leg shackle, and pat down each inmate as the inmate comes out of his cell.

33. Then, when all the inmates on the tier have been cuffed, shackled, and patted down, they are taken to the yard.

34. On November 24, 2020, Pope was taken out of his cell, cuffed, shackled, and patted down.

35. After Pope was taken out of his cell, Rambo went to Adrian Dunning's cell on a different tier and let him out.

36. Dunning was not on Pope's tier and therefore would not normally have been on Pope's walk group.

37. Rambo failed to securely handcuff or pat down Dunning.

38. Just a month before, Dunning had stabbed another inmate, requiring that inmate to seek emergency medical attention at a hospital.

39. Rambo had no reason to allow Dunning to walk with Pope and no reason not to securely handcuff him or pat him down.

40. On the walk, Dunning yelled threats of violence at Pope.

41. Cook heard those threats.

42. Cook told Dunning to be quiet, but Cook did not remove Dunning from the walk or pat him down or check his handcuffs.

43. Moments later, Dunning slipped off his handcuffs, pulled out a six-inch, improvised metal knife and stabbed Pope in the neck, the chest, and the arm.

44. Cook then told Dunning to drop the knife and Dunning did.

45. Pope was taken to the emergency room where he was treated and survived.

46. Dunning should not have been on the walk to attack Pope at all, but Rambo let him out.

47. Dunning should not have been able to slip his handcuffs off, but Rambo failed to properly secure them.

48. Dunning should not have been able to sneak a large, metal knife onto the walk, but Rambo failed to pat him down.

49. These facts give rise to the inference that Rambo deliberately allowed Dunning to attack Pope.

*The Third Attack at Donaldson – March 1, 2021*

50. After the November attack, Rambo began to threaten Pope, including by saying that he was going to let other inmates kill Pope.

51. These threats and taunts continued for months.

52. On March 1, 2021, after Rambo threatened him again, Pope called Rambo derogatory names.

53. At the time, Pope was inside his locked cell.

54. He lacked the ability to physically threaten Rambo and he did not physically threaten Rambo.

55. In response to Pope's name calling, Rambo sprayed mace into Pope's meal tray slot and then closed the slot.

56. He said he was going to teach Pope a lesson.

57. Rambo then left Pope in his cell, choking on the fumes.

58. About five minutes later, Lieutenant Carl Sanders came to Pope's cell, opened the slot, and sprayed a larger can of mace into Pope's cell.

59. Rambo then appeared outside the exterior windows of Pope's cell, and tried to spray mace in through the windows, all the while yelling at Pope that he was going to "fuck [Pope] up."

60. The mace spraying continued, on and off, for about 20 minutes.

61. During the 20 minutes Rambo and Sanders were spraying mace into Pope's cell, there was no reason for them to spray mace. He was not a physical threat to them because he was in a locked cell. And he was not refusing any orders, because they did not order him to do anything during this time.

62. Both men sprayed mace with no legitimate reason.

63. With all the mace in his cell, Pope could barely breathe.

64. He was choking and he thought he was going to suffocate and die.

65. Pope heard inmates next door and across the hall from him screaming complaints about the mace too—Rambo and Sanders sprayed so much into Pope's cell that even inmates in other closed cells on the unit were being affected.

66. Rambo and Sanders left Pope in his cell, choking on mace fumes, for another 5 minutes.

67. Then, Sanders returned, cuffed Pope, and took him out for decontamination.

## Claims for Relief

### Count I

*Failure to Protect, 42 U.S.C. § 1983*

(Eleventh Circuit Civil Pattern Jury Instruction No. 5.9)

Pope v. Rambo & Cook

68. All previous allegations are realleged here.

69. Williams and Dunning posed a serious risk of harm to Pope.

70. Rambo and Cook knew about that risk.

71. Rambo and Cook disregarded that risk and failed to take reasonable measures to protect Pope from that risk.

72. As a result of Rambo and Cook's failures, Pope was harmed.

73. Rambo and Cook were acting under color of law.

74. Pope is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs, and pre- and post-judgment interest.

Count II

*Excessive Force, 42 U.S.C. § 1983*

(Eleventh Circuit Civil Pattern Jury Instruction No. 5.6)

Pope v. Rambo, Cook & Sanders

75. All previous allegations are realleged here.

76. Rambo and Sanders intentionally sprayed mace into Pope's locked cell to choke him.

77. Spraying that mace was excessive force because it was done to cause harm and not in a good faith effort to restore discipline.

78. Rambo and Cook used Dunning and Williams as tools to attack Pope and are therefore responsible for those attacks as if they had done themselves.

79. Those attacks were excessive force because they were done to harm and not in a good faith effort to restore discipline.

80. The spraying and the attacks caused Pope injuries.

81. Rambo, Cook, and Sanders were acting under color of law.

82. Pope is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs, and pre- and post-judgment interest.

//
//

**Prayer for Relief**

83. Pope seeks the following relief:

   a. Compensatory damages

   b. Punitive damages

   c. A declaration that the defendants' conduct violated his rights

   d. Pre- and post-judgment interest

   e. Attorneys' fees and costs

   f. All other relief the Court deems just.

Dated: April 1, 2021.

Respectfully submitted,

 /s/ Martin E. Weinberg
Martin E. Weinberg (Ala. Bar No. 0817-A61W)
**Martin Weinberg, PC**
PO Box 154
Shannon, AL 35142
t. 205.910.3722
attorneyweinberg@bellsouth.net

Thomas R. Kayes (Ill. Bar No. 6315461)*
**Law Office of Thomas R. Kayes, LLC**
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@kayes.law

Attorneys for Plaintiff
*Pro Hac Vice Motion Forthcoming*

**Jury Demand**

Plaintiff Michael Pope Jr. demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 1, 2021.

Respectfully submitted,

/s/ Martin E. Weinberg
Martin E. Weinberg (Ala. Bar No. 0817-A61W)
**Martin Weinberg, PC**
PO Box 154
Shannon, AL 35142
t. 205.910.3722
attorneyweinberg@bellsouth.net

Thomas R. Kayes (Ill. Bar No. 6315461)*
**Law Office of Thomas R. Kayes, LLC**
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@kayes.law

Attorneys for Plaintiff
*Pro Hac Vice Motion Forthcoming*